**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

DEVON HARRINGTON, an individual,

        Plaintiff,

v.                                                       Case No. 1:22cv23752

UNITE USA, INC., d/b/a Unite Us,
a New York For Profit Corporation and
INSPERITY PEO SERVICES, L.P.,
a Florida Limited Partnership

        Defendants.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

DEVON HARRINGTON ("Plaintiff", "HARRINGTON"), alleges and states as follows:

**PRELIMINARY STATEMENT**

Plaintiff, HARRINGTON, brings this action against UNITE USA, INC., and INSPERITY PEO SERVICES, L.P. (hereinafter, "DEFENDANTS"), for violations of AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 as amended, 29 U.S.C.A. 621 *et. seq.* ("ADEA") and AMERICANS WITH DISABILITIES ACT of 1990 ("ADA") as amended by the ADA AMENDMENTS ACT of 2008 ("ADAAA"), 42 U.S.C.A. §§ 12101 to 12213 (collectively, the "ADA").

1. DEFENDANTS operate a care platform that connects individuals with health and social services such as housing, food, legal aid, transportation, employment, job training, and disaster relief across a network of organizations.
2. HARRINGTON is a woman, who is over the age of forty (40) with a disability.
3. In March of 2021, DEFENDANTS hired HARRINGTON as the Community

1

      Engagement Manager because she was well qualified for the job.

4. HARRINGTON was responsible for connecting health and social care organizations. She served as a trusted partner to community-based organizations by being an expert resource. She demonstrated and communicated how Defendants' product is helping communities.

5. Despite HARRINGTON's stellar job performance and many accomplishments, DEFENDANTS subjected her to age and disability discrimination in the workplace.

6. On July 30, 2021, HARRINGTON was unlawfully terminated.

## JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under ADEA and ADA.

## VENUE

8. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in Florida, 42 U.S.C. § 2000e-5(f)(3), in that the relevant employment records are maintained in this district, 42 U.S.C. § 2000e-5(f)(3), in that HARRINGTON worked, from home, in this district and would have continued to do so if the issues discussed herein had not occurred.

9. DEFENDANTS allowed PLAINTIFF to work from home in this district, and there is no other district that has a substantial connection to the claim.

## CONDITIONS PRECEDENT

10. In or around January 26, 2022, HARRINGTON timely filed a charge age and disability discrimination and retaliation charge with the Equal Employment Opportunity Commission (EEOC).

11. On or about August 17, 2022 and August 26, 2022, the EEOC issued HARRINGTON a Notice of Right to Sue.

12. This Complaint has been filed within ninety (90) days of receipt of that notice.
13. HARRINGTON has fully complied with all prerequisites to jurisdiction in this Court under ADEA and ADA.

## PARTIES

14. HARRINGTON is domiciled in Miami, Florida. HARRINGTON is a citizen of the United States of America.
15. HARRINGTON was an employee, as defined by ADEA and ADA.
16. Upon information and belief, Defendant is an employer as defined by ADEA and ADA who operates in Miami, Florida.

## FACTS

17. In April, 2021, HARRINGTON began working with Megan Diehl who assumed the role as her direct supervisor.
18. HARRINGTON was instructed, by Ms. Diehl, to complete substantially more work and provided nearly impossible deadline(s) which were not required for younger employees who appeared to not have disabilities. Despite the odds, HARRINGTON completed her task.
19. HARRINGTON'S co-workers were given less work (than HARRINGTON) and were not provided with a deadline in which to have the work completed.
20. HARRINGTON suffers from a speech disability and at times may pronounce words differently.
21. After Ms. Diehl found out about HARRINGTON'S speech disability, her behavior toward PLAINTIFF became more volatile.
22. PLAINTIFF was continuously targeted regarding her ability to communicate.
23. DEFENDANTS, through their agent, Ms. Diehl, advised HARRINGTON that she, "should not speak, and should instead use emoji's".

24. The treatment HARRINGTON received from DEFENDANTS (through its employee, Ms. Diehl) was so egregious, that HARRINGTON complained to the Human Resources Department regarding the harassment.

25. On or around May 10, 2021, HARRINGTON attended a meeting with her direct supervisor, Megan Diehl, and Human Resources Director, Angela Kim, where they discussed her new Performance Improvement Plan.

26. HARRINGTON was a stellar employee and she received praise for her good work, was never informed of any performance issues prior to that meeting.

27. Additionally, HARRINGTON had endured many harassing and rude comments from her direct supervisor for the duration of her employment with DEFENDANTS.

28. HARRINGTON'S Supervisor, Megan Diehl, often treated her differently from her co-workers, specifically those who were younger than her and those who did not appear to have a disability.

29. DEFENDANTS falsely stated in HARRINGTON'S exit letter that she resigned from her position, which is unequivocally not true.

30. DEFENDANTS' cited reason for terminating HARRINGTON, was not the true reason it terminated HARRINGTON.

31. DEFENDANTS replaced HARRINGTON with a younger person who does not appear to have a disability.

32. DEFENDANTS discriminated against HARRINGTON due to her age and disability.

33. HARRINGTON was unlawfully terminated in violation of ADEA and ADA.

34. On Monday, August 2, 2021, HARRINGTON was unable to login to the Unite Us system, as such, she sent a text to advise a worker of the issue.

35. Plaintiff learned that on Saturday, July 31, 2021, HARRINGTON received an email from

the Human resources Director with Unite Us enclosing her Exit Letter.

### Count I
### Age Discrimination in Employment Act of 1967,
### 29 U.S.C.A. §§ 621 et. seq.

36. HARRINGTON repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37. HARRINGTON was over the age of forty (40) years old, at the time that the DEFENDANT terminated her.

38. HARRINGTON was one of the oldest employees in her department.

39. HARRINGTON was qualified for the Community Engagement Manager position.

40. HARRINGTON was subjected to an adverse employment action when DEFENDANT unlawfully terminated her.

41. HARRINGTON was later replaced by someone who was younger than forty (40) years old and was treated differently or less favorably from younger employees.

42. HARRINGTON suffered damages as a result of DEFENDANT's unlawful age discriminatory and retaliatory actions, including emotional distress, past and future lost wages and benefits, attorney fees and the costs of bringing this action.

### COUNT II
### Disability Discrimination in Violation of Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA amendments Act Of 2008 ("ADAAA"),
### 42 U.S.C.A. §§ 12101 To 12213 (Collectively, The "ADA")

43. HARRINGTON repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

44. HARRINGTON is disabled by a physical impairment that substantially limits one or more major life activity.

45. HARRINGTON was otherwise qualified to perform the essential functions of her job with

5

the DEFENDANT.

46. HARRINGTON was subjected to unlawful discrimination and retaliation because of her disability.

47. HARRINGTON was replaced by an individual who does not appear to suffer from a disability.

48. HARRINGTON suffered damages as a result of DEFENDANT'S unlawful disability discriminatory and retaliatory actions, including emotional distress, past and future lost wages and benefits, attorney fees and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

C. In lieu of reinstatement, award Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages; and

G. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 15th day of November 2022.

6

7

                By: */s/ Danielle N. Clark* .
                   Danielle N. Clark
                   Florida Bar No. 1022298
                   Clark Law Office, PLLC
                   3620 Colonial Blvd. Suite 160
                   Fort Myers, FL 33966
                   E-mail: dclark@clarklawofc.com
                   Phone: (239) 766-0911
                   Fax: (239) 236-5800