**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 22-CV-23752-SEITZ

DEVON HARRINGTON,
                Plaintiff,

v.

UNITE USA, INC.,
                Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO STRIKE**

THIS CAUSE is before the Court on Defendant Unite USA, Inc.'s Motion to Strike Plaintiff's disability expert and his report, as well as her disability and wage loss claims plus it seeks an order requiring Plaintiff to pay Defendant's Expert Costs because of her various discovery and case management order violations and the failure to provide evidentiary support for the disability and wage loss claims. DE 44. Plaintiff Devon Harrington filed a response. DE 48.

Defendant's motion first argues Plaintiff's expert disclosure and report must be stricken because they do not comply with Fed. R. Civ. P. 26(a)(2). The motion then argues that Plaintiff's disability and wage loss claims[1] must be stricken because Plaintiff has no evidentiary support for those claims without any expert witness testimony on the disability claims and has no documentary support for the wage loss claims. Lastly, Defendant seeks an order requiring Plaintiff to pay Defendant's expert costs arising out of Plaintiff's expert discovery violations. DE 44 at 11, 13.

Plaintiff's response presents the novel argument that Fed. R. Civ. P. 26(a)(2)(B) content requirements do not apply to her, and even if they do, any noncompliance did not prejudice

---

[1] Plaintiff's Amended Complaint alleges violations of the Age Discrimination in Employment Act and the Americans with Disabilities Act ("ADA"). DE 24. Defendant's Motion to Strike centers only on Plaintiff's ADA claim.

1

the Defendant. DE 48 at 7. As to Defendant's effort to strike the wage loss claims, Plaintiff counters first by stating that she "cannot produce [evidence] she does not have," and second, that Defendant should resort to different discovery tools to acquire the evidence necessary to disprove Plaintiff's wage loss claim. *Id.* at 9.

Having considered the motion and the record, Defendant's Motion [DE 44] is granted in part and denied in part for the reasons discussed below.

## I.     FACTUAL BACKGROUND

Plaintiff filed suit on November 15, 2022. DE 1. The Court issued its Order Requiring a Joint Scheduling Report on November 21, 2022. Plaintiff filed an Amended Complaint on January 31, 2023. DE 24. The parties filed their Joint Scheduling Report on February 17, 2023. DE 27. In their Joint Scheduling Report, the parties did not provide a proposed deadline to provide expert witness reports. *Id.* at 6.

On March 16, 2023, the parties appeared in person at the Rule 16 Scheduling Conference to discuss their proposed scheduling dates, the nature of this case, to establish case management plan to ensure a speedy, cost-efficient resolution of the case and set the pretrial deadlines and trial period for this case. DE 28. Following this conference, the Court entered the Order Setting Trial Date, Pretrial Deadlines, and Referral to Magistrate. DE 31. That order set April 21, 2023 as the deadline for the parties to exchange expert reports. In an email to Defendant, Plaintiff stated she would have an expert report prepared and provided to Defendant prior to April 21, 2023—the original court ordered deadline— as well as all documents in her possession relating to her disability. DE 32-4.

On April 12, 2023, Defendant moved for an extension of the Expert Discovery Deadline because Plaintiff's return from foreign travel would be *after* the discovery deadline thus necessitating the extension for her to undergo the independent medical examination. DE 32 at 3-4. Based on these representations, on April 13, 2023, the Court extended to May 12,

2023 deadline to provide expert witness reports, required the Plaintiff to attend the IME at the date scheduled, to certify that she did attend, and to provide responses to Defendant's outstanding discovery requests. DE 34.

On April 17, 2023, Defendant asserted that Plaintiff had not complied with the Court's April 13th order in that she had not provided the responses to Defendant's discovery requests for documentation supporting her disability claims. DE 37; DE 38. On April 21, 2023, the parties returned to court for a second time to address the issues relating to documents Plaintiff possessed to support her disability claim. At this status conference, Plaintiff did not raise any questions or request any clarification regarding the content or timing requirement of an expert witness report set in the Court's Order Setting Trial Date, Pretrial Deadlines, and Referral to Magistrate.

On April 21, 2023, Plaintiff served an expert witness list that listed two speech pathologist experts: Lydia Reid and Mark Witkind. DE 44-4. On May 12, 2023, Plaintiff also served Defendant with an expert report from Dr. Mark Witkind. DE 48-1. On May 25, 2023, Plaintiff provided Defendant with a "supplemental" witness report, which consisted solely of Dr. Witkind's curriculum vitae. DE 44-11. To date, Plaintiff has not provided Defendant with a report or curriculum vitae for Dr. Lydia Reid. Additionally, Plaintiff has not produced any documentation regarding her wage loss claim, such as tax returns or 1099s, and admitted at her deposition that she has not filed taxes since 2012. DE 44 at 13. Defendant thereafter filed its motion to strike Plaintiff's expert witness disclosure and Dr. Witkind's report as deficient under Fed. R. of Civ. P. 26(a)(2)(B), as well as to strike Plaintiff's disability and wage loss claim, or in the alternative, compel Plaintiff to produce all bank records from 2021 to the present. *Id.* at 14.

## II.     ANALYSIS

### a.  Plaintiff's expert disclosures do not meet the requirements under Fed. R. of Civ. P 26(a)(2).

Rule 26(a)(2)(B)(i)-(vi) of the Federal Rules of Civil Procedure states that expert disclosures must contain (1) a complete statement of the expert's opinions and the basis therefore; (2) facts or data considered by the expert in forming his or her opinions; (3) exhibits that will be used to support or summarize the expert's opinions; (4) the expert's qualifications, including publications; (5) a list of cases in which the expert has testified within the last four years; and (6) a statement of the compensation the expert will receive for his or her work on the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). While the Federal Rules of Civil Procedure state that expert disclosures must be made at least 90 days before the date set for trial, the rules allow for disclosures to occur as otherwise ordered by the district court. Fed. R. Civ. P. 26(a)(2)(D)(i). If Fed. R. Civ. P. 26 is not followed, Fed. R. Civ. P. 37 gives a district court the discretion to strike an expert witness' testimony. However, the district court can decide not to strike the expert witness testimony if the noncompliance is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff's expert disclosures failed to comply with the court ordered deadlines. Although Plaintiff argues that her disclosures were not untimely because Fed. R. Civ. P. 26(a)(2)(D) states expert disclosures must be made ninety days prior to the trial date or as otherwise ordered by the court. The court-ordered, extended deadline was May 12, 2023. On May 12, 2023, Plaintiff only provided Dr. Witkind's report.  Plaintiff did not provide Defendant with Dr. Witkind's curriculum vitae until May 25, 2023, almost two weeks after the May 12, 2023 extended deadline. To date, Plaintiff has not provided any disclosures for her other listed expert, Dr. Lydia Reid, despite Plaintiff's representation that she would, in

4

fact, provide Defendant with an expert report by the original deadline, April 21, 2023. DE 32-4.

Furthermore, Plaintiff's Witkind report falls short of the Rule 26(a)(2)(B)(i)-(vi) disclosure requirements. Fed. R. Civ. P. 26(a)(2), designed to reduce the need for expensive expert depositions, requires much more detail than the cursory and conclusionary opinion in Dr. Witkind's report. That report simply declares Dr. Witkind observed the Plaintiff exhibit two unexplained, presumably speech pathologies and states such meets the disability criteria. DE 48-1. In addition to his own observations, Dr. Witkind's conclusions rested on what Plaintiff reported to him. *Id.* Dr. Witkind summarily concludes "[Plaintiff's] oral apraxia is certainly evident. This impairment certainly appears to meet the disability criteria as listed by the ADA." *Id.* However, his report does not detail what the ADA requires and how Plaintiff's exhibited behavior meets those requirements. Dr. Witkind's report does not provide any facts or data relied upon, exhibits used in support, a list of cases in which he's testified, or a statement of his compensation as required by Fed. R. Civ. P. 26(a)(2)(B). At best, Dr. Witkind's report only asserts his opinion is based on his observation and Plaintiff's representations. District courts have found that this is not enough under Fed. R. Civ. P. 26. See, e.g., *Poplin v. Federal Emergency Management Agency*, 2005 WL 5974474 at *2 (N.D. Ga. July 29, 2005) (precluding an expert from testifying at trial and striking an expert's report which consisted of a "summary of observations"); *Berkower v. USAA Casualty Ins. Co.*, 2017 WL 11615107 at *3 (S.D. Fla. Mar. 23, 2017) (striking a an expert's supplemental report that did not provide an explanation as "how and/or why" the expert reached its conclusion); *Jordan v. Claudio Filippone, HolsGen, LLC*, 2021 WL 1390370 at *3 (S.D. Fla. April 13, 2021) (allowing an expert to file a supplemental expert report after finding the report served did not detail what documents or evidence the expert relied upon when reaching his conclusion.)

Moreover, Dr. Witkind's untimely served curriculum vitae does not show how he is qualified to make any determination regarding what qualifies as a disability under the ADA. Dr. Witkind's doctorate degree in language pathology does not automatically make him well-versed in what is required under the ADA. In fact, Dr. Witknd's curriculum vitae does not indicate that he has any experience in making determinations regarding disabilities under the ADA. See e.g., *Skypoint Advisors, LLC v. 3 Amigos Productions, LLC* 585 F. Supp. 3d 1326, 1331 (M.D. Fla. 2022) (striking an expert's testimony after determining that the expert was not qualified to testify upon review of his report that listed his background, degrees, and history in the industry in which he was allegedly qualified to testify about.)

Plaintiff's untimely and incomplete disclosures did prejudice Defendant, who not only incurred the costs[2] of retaining an expert but also gave Plaintiff an unfair advantage in that without having shown her cards supporting her disability claim, she knows how defendant might attack it.  Defendant has been denied an opportunity to evaluate Plaintiff's disclosed experts to determine the need for Plaintiff's expert's deposition and further discovery as the June 30, 2023 discovery deadline approaches.

Plaintiff's argument that Rule 26(a)(2)(B), which specifically governs the contents of an expert report, "does not apply" is troublesome.  All members admitted to the bar in this district certify they are familiar with the Federal Rules of Civil Procedure.  Those rules are binding on parties, in all civil cases and at all stages of litigation. Thus, it is disappointing that Plaintiff's counsel with 10 years of experience ignores her basic obligations as an officer of the court. Further, any claimed confusion regarding the content or timing of such disclosures could have been addressed with the Court at either of the two status

---

[2] Defendant also moves for an order requiring Plaintiff to pay for the costs associated with retaining their retained expert, however such a sanction is inappropriate at this time.

conferences that discussed the parties' expert disclosures, or separately via a request for clarification. Plaintiff did neither. Thus, Plaintiff's counsel's argument that her noncompliance is "substantially justified" due to the Court's "unclear and ambiguous" language is not well taken. DE 48 at 7. Notwithstanding Plaintiff's counsel's unjustified professional failures, she will be allowed a final opportunity to cure the defects. Plaintiff's expert must show he has the qualifications and can provide a report consistent with Fed. R. Civ. P. 26(a)(2)(B) by June 26, 2023. Failure to do so will be interpreted as a decision to not proceed on the disability claim.

### b. Plaintiff's disability and wage loss claims.

To establish a prime facie case under the Americans with Disabilities Act, Plaintiff must prove (1) that she has a disability, (2) she is a qualified individual, and (3) she was subjected to unlawful discrimination. *Morisky v. Broward County,* 80 F.3d 445, 447 (11th Cir. 1996). As such, Plaintiff bears the initial burden of proving her case. Plaintiff's suggestion that Defendant utilize conventional discovery tools to defend itself is exactly what Defendant is doing and what Plaintiff is impeding by repeatedly misrepresenting that she did possess documents which support her wage loss claim, but ultimately conceding that she did not possess any such documents. DE 48 at 8. Therefore, the Court will grant Defendant's request and compel Plaintiff to produce bank records from 2021 to the present no later than June 26, 2023. However, Defendant's request to strike Plaintiff's disability and wage loss claims must be denied as the discovery deadline has not yet passed and Defendant's arguments regarding the sufficiency of evidence is best handled at the Motion for Summary Judgment phase of litigation. Accordingly, it is

ORDERED THAT

(1) Defendant's Motion to Strike Dr. Mark Witkind **GRANTED IN PART AND DENIED IN PART.**

a.   Plaintiff's Expert Report from Dr. Mark Witkind is stricken.

b.   Plaintiff may provide an amended Expert Report which fully complies with Fed. R. Civ. P. 26(a)(2)(B) by **June 26, 2023**. If Plaintiff does not do so, Dr. Witkind cannot testify at trial.

(2) Defendant's Motion to Strike Dr. Lydia Reid is **GRANTED.**  Dr. Reid cannot testify at trial.

(3) Defendant's Motion to Compel Plaintiff to Pay Defendant's Expert Costs is **DENIED.**

(4) Defendant's Motion to Compel Plaintiff's Bank Records from 2021 to Present is **GRANTED.** Plaintiff must produce her bank records from January 1, 2021 to the present by **June 26, 2023**.

(5) Defendant's Motion to Strike Plaintiff's Disability Claim is **DENIED.**

(6) Defendant's Motion to Strike Plaintiff's Wage Loss Claim is **DENIED.**

DONE AND ORDERED in Miami, Florida, this 14ᵗʰ day of June, 2023.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   The Honorable Lisette M. Reid
      Counsel of Record